# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

OREGON CASCADE CORPORATION, a
Nevada corporation, by its assignee,
Richard W. Morris and Claudine A. Morris,

        Plaintiffs,

vs.

FRANCOIS ROBERT HARLEY, *et al.*,

        Defendants.

Case No. 2:15-cv-00226-JAD-GWF

**ORDER**

**Motion to Waive or Overrule Objections - #30**

    This matter is before the Court on Plaintiff's Motion to Waive or Overrule Objections and to Compel Production (#30), filed on July 23, 2015. Defendants filed their Opposition (#35) on August 11, 2015, and Plaintiff filed its Reply on August 19, 2015. The Court conducted a hearing in this matter on September 3, 2015.

## BACKGROUND

    Plaintiff served requests for production of documents on Defendants on or about May 4, 2015. Pursuant to an extension granted by the Court, Defendants' responses were due on July 9, 2015. Defendants, however, did not serve their responses until July 16, 2015.

    Plaintiff moves to compel Defendants to respond to the following requests for production of documents:

    **Request No. 1:** Produce all corporate records filed with any government agency, internal minutes of meetings and company resolutions from May 10, 2010 until the date you answer this request.

    **Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment.

    **Request No. 2:** Produce copies of all Cambium bank statements of accounts anywhere in the world, from May 10, 2010 until the date you respond to this Request to Produce.

**Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment.

**Request No. 3:** Produce all tax returns filed by Cambium with any government agency for the years 2010, 2011, 2012, 2013 and 2014.

**Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment.

**Request No. 4:** Produce all emails between Richard W. Morris or Claudine A. Morris and Francois Robert Harley for the period January 1, 2011 until the date you respond to this request.

**Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment as well as the fact that Plaintiff has equal access to the requested information via its own email accounts.

**Request No. 5:** Produce all emails between Richard W. Morris or Claudine A. Morris and any employees, representatives or agent of Cambium EIRL for the period January 1, 2011 until the date you respond to this request.

**Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment as well as the fact that Plaintiff has equal access to the requested information via its own email accounts.

**Request No. 10:** Produce all documents and communications substantiating any defense to the claims of plaintiffs.

**Response:** Defendant has not yet determined what documents it will use if this case goes forward.

**Request No. 13:** Produce the Entry Log maintained at the Gatehouse to Cambium from October 9, 2014 until and including October 31, 2014.

**Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment.

**Request No. 15:** Produce all documents filed with any court or agency of the government of the Dominican Republic relating to obtaining title in the deslinde process of the land owned by Cambium.

**Response:** Objection on grounds of relevancy, overbroad, unduly burdensome, privacy and harassment.

*See Motion (#30), pgs. 7-12.*[1]

---

[1] Plaintiff did not attach a copy of Defendants' responses to requests for production to its motion or reply. Defendants have not disputed, however, that the Motion accurately sets forth their objections to the requests.

Plaintiff argues that Defendants waived their objections to the requests for production by not serving them in a timely manner.  (Responses were due on July 9, 2015, but were not served until one week later on July 16, 2015.)  Plaintiff cites *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992) which states that "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)."  Plaintiff further argues that Defendants' objections were improper "boilerplate" objections.  Plaintiff cites *Envtech, Inc. v. Suchard*, 2013 WL 4899085, *3 (D.Nev. September 11, 2013) in which the court stated that a party objecting to discovery must state its objections with specificity and that "boilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such [objections].'  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal. 2006)."

In its opposition to Plaintiff's motion, Defendants state that Plaintiff failed to conduct a meaningful dispute resolution conference prior to filing its motion to compel.  Defendant states that during the conference on July 16, 2015, "Plaintiff's counsel refused to identify what discovery responses Plaintiff felt were insufficient and the grounds for Plaintiff's belief, despite requests from the undersigned counsel for Plaintiff's counsel to identify what Plaintiff claimed was insufficient."  *Response (#35), pg. 1*.  Defendant further stated that its objections to Plaintiff's requests were appropriate, without responding to Plaintiff's arguments that the objections were untimely or improper boilerplate objections.

Based on Defendants' failure to serve its objections within the time permitted, and in view of the boilerplate nature of the objections, the Court will order Defendant to respond to Request for Production Nos. 4, 5, 10, 13, and 15.  Although Defendants also failed to serve timely objections to Request Nos. 1, 2, and 3 and their objections are also boilerplate, the Court is concerned with the facial overbreath of these requests.  Where the requests do not appear relevant on their face, the party seeking discovery has the burden of demonstrating their relevance.  *See United States v. $1,200,327.00*, 2015 WL 5098069, *5, *7 (D.Nev. August 31, 2015) and *Adobe Systems v. Christenson*, 2011 WL 540278, *11 (D.Nev. February 7, 2011). Plaintiff provided no explanation in its motion to compel regarding the relevance of its requests for all of Defendants' corporate records,

bank statements, and tax returns for the listed time periods. The Court finds these requests to be overbroad on their face. Although Defendant's objections to these requests were untimely, their objections were only seven days late. The Court will therefore deny Plaintiff's motion to compel responses to Request Nos. 1, 2, and 3 without prejudice. Plaintiff should meet and confer with Defendant in a good faith effort to resolve the dispute regarding these requests. If further good faith meet and confer efforts are unsuccessful, Plaintiff may file a renewed motion to compel with respect to Request Nos. 1, 2 and 3. In any such motion, Plaintiff must demonstrate to the Court the relevance and reasonableness of its requests for these documents. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Waive or Overrule Objections and to Compel Production (#30) is **granted**, in part, and **denied**, in part, as follows:

1. Plaintiff's motion is granted with respect to Request Nos. 4, 5, 10, 13, and 15. Defendants shall produce documents responsive to these requests on or before **January 15, 2016.**

2. Plaintiff's motion is denied, without prejudice, with respect to Request Nos. 1, 2 and 3.

DATED this 28th day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

4