1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   Richard W. Morris, et al.,

5          Plaintiffs

6   v.

7   Alberto Lopez Gomez, et al.,

8          Defendants

9

**2:15-cv-00226-JAD-GWF**

**Order Granting Motions to Dismiss for Lack of Personal Jurisdiction, Denying Motion for Partial Summary Judgment as Moot, and Closing Case**

[ECF Nos. 43, 44, 45]

10        Pro se plaintiffs Richard and Claudine Morris, as assignees for Oregon Cascade Corporation,

11   sue Francois Robert Harley, Harley's company and alleged alter ego Cambium, E.I.R.L., and

12   Harley's employees Alberto Lopez Gomez and John Henry de La Cruz, asserting ten claims for relief

13   and seeking to rescind a 99-year lease for a parcel of land in the Dominican Republic.[1]  Harley and

14   Cambium separately move to dismiss for lack of personal jurisdiction and argue that the Morrises'

15   complaint should also be dismissed because the lease agreement contains a mandatory arbitration

16   clause.[2]  The Morrises oppose dismissal and move for summary judgment against Harley and

17   Cambium.[3]  Because I lack personal jurisdiction over Harley and Cambium, I grant their dismissal

18   motions and deny the Morrises' motion for summary judgment against them as moot.  Finally,

19   because the Morrises have not demonstrated that proper service has been effected on defendants

20   Lopez Gomez and Hendry de La Cruz, I dismiss all claims against these remaining defendants under

21   FRCP 4(m) and close this case.[4]

22

23

24   _____

25   [1] ECF No. 1.

26   [2] ECF Nos. 44, 45.

27   [3] ECF No. 43.

28   [4] I find these matters suitable for disposition without oral argument.  L.R. 78-1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Background**[5]

      Oregon Cascade Corporation ("Oregon") is a Nevada corporation.[6]  Plaintiff Richard Morris is Oregon's assignee, and Richard's wife Claudine A. Morris is a French citizen, resident of the state of Arizona, and the President of Oregon.[7]  Defendant Francois Robert Harley is a citizen of England, and his company—and alleged alter ego—Cambium is incorporated and based in the Dominican Republic.[8]  Harley develops and leases subdivisions of land in the Dominican Republic (the "Cambium development").[9]  Defendants Gomez Lopez and Henry de La Cruz are Dominicans employed by Harley/Cambium.[10]

      On August 29, 2012, Cambium and Oregon signed a lease agreement in the Dominican Republic for the Mango 12 lot in the Cambium development.[11]  The agreement gave Oregon a 99-year lease for Mango 12 in exchange for a one-time payment of $36,000 and an annual fee of $1,200.[12]  The lease agreement is notarized by a Dominican notary public[13] and reflects that both Morrises were present in the Dominican Republic for its signing because Richard Morris signed on behalf of Oregon and Claudia Morris signed as a witness.[14]  The lease agreement contains a dispute-resolution clause requiring mandatory mediation and arbitration in the Dominican Republic.[15]

---

[5] These facts are taken from the Morrises' complaint and should not be construed as findings of fact.

[6] ECF No. 1 at ¶ 1.

[7] *Id.* at ¶ 8.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* at ¶¶ 5, 6.

[11] *Id.* at ¶¶ 12, 48.

[12] ECF 45-2 at 2

[13] *Id.* at 6–7.

[14] *Id.*

[15] *Id.* at 4–5.

The year after the Morrises inked their deal with Cambium, Harley embarked on a marketing tour for the Cambium development that included stops in the United States.[16]  On May 31, 2013, and June 1, 2013, Harley set up a booth at a convention in Las Vegas, Nevada, to promote the Cambium development.[17]  While Harley was in Las Vegas for the convention, the parties signed an addendum to the lease agreement that changed Oregon's leased parcel from Mango 12 to Cana 17.[18]  The rest of Harley's promotional and marketing efforts in the United States occurred after the lease amendment was signed.[19]

Approximately two and a half years after entering into the lease agreement and more than a year and a half after the amendment, the Morrises filed suit.  They allege that Harley and Cambium made several false representations to Oregon about the Cambium development before the lease agreement was signed, including that the lots were surveyed,[20] that the development had an adequate water-supply system,[21] and that Harley/Cambium had secured financing to build a hotel[22] and a community center with a swimming pool and gymnasium.[23]  The Morrises assert a single federal claim under the Interstate Land Sales Act[24] and assert nine state-law tort and contract-based claims. They seek recision of the lease agreement and monetary damages.

---

[16] *Id.* at ¶ 20.  The Morrises allege that Harley attended a single promotional event in Edinburg, Texas in January 2010, but do not allege that they attended the event or received any promotional materials from it.  *Id.* at ¶ 39.

[17] *Id.* at ¶¶ 8, 28.

[18] *Id.* at ¶ 31.

[19] *Id.* at ¶ 35 (June 3–5, 2013, in California); ¶ 25 (June 7, 2013, in Florida); ¶ 32 (September 22, 2013, in Pennsylvania).

[20] *Id.* at ¶ 41.

[21] *Id.* at ¶ 46.

[22] *Id.* at ¶ 42.

[23] *Id.* at ¶ 44.

[24] 15 U.S.C. § 1701.

1    Harley and Cambium separately move to dismiss the Morrises' complaint, arguing that this

2    court lacks personal jurisdiction over them and that the Morrises' claims are barred by the lease

3    agreement's binding dispute-resolution clause, in which the parties waived their right to court

4    proceedings.  The Morrises respond that (1) Harley and Cambium waived their personal-jurisdiction

5    challenge and (2) this court has personal jurisdiction over both Harley and Cambium because their

6    activities were in or directed at Nevada and the United States.

7                                    **Discussion**

8    **A.    Harley and Cambium did not waive their personal-jurisdiction defense.**

9    Because the personal-jurisdiction requirement recognizes and protects an individual liberty

10   interest, "it can, like other such rights, be waived."[25]  A defendant abandons a personal-jurisdiction

11   defense when he or she fails to raise the defense in either a responsive pleading or a Rule 12

12   motion.[26]  Though timely raising a Rule 12 defense will ordinarily preserve it, "raising the defense at

13   an early stage of the proceedings does not mean that a party cannot thereafter waive it."[27]  Like most

14   defenses, "lack of personal jurisdiction may be waived as a result of the course of conduct pursued

15   by a party during litigation."[28]

16   Harley and Cambium raised the defense of lack of personal jurisdiction in their first

17   responsive pleading as required by the Federal Rules of Civil Procedure.[29]  Nevertheless, the

18   Morrises contend that these defendants waived the defense by their litigation conduct.  The Morrises

19   rely on the minutes of the May 18, 2015, discovery hearing.  At that hearing, requested by defense

20   counsel, defense counsel indicated that she did not want to waive any jurisdictional argument by

21

22

---

23   [25] *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (internal citations and
24   quotations omitted).

25   [26] FED. R. CIV. P. 12(h).

26   [27] *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1074 (C.D. Cal. 2003).

27   [28] *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998).

28   [29] FED R. CIV. P. 12(b)(2).

complying with the court's discovery deadlines, so she requested a stay of discovery.[30]  The magistrate judge extended the due-date for written discovery by 30 days to allow Harley and Cambium a chance to file a motion challenging jurisdiction and a motion to stay certain discovery before discovery was due, but declined to stay discovery at that time.[31]  The magistrate judge then advised defense counsel to file motions challenging jurisdiction and to stay discovery by May 27, 2015; otherwise, discovery would proceed as planned.  Harley and Cambium did not file a motion challenging jurisdiction or to stay discovery by that date.  Discovery closed on September 14, 2015,[32] and Harley and Cambium filed their motion to dismiss for lack of personal jurisdiction on the October 13, 2015, dispositive-motion deadline.[33]

Whether Harley and Cambium's failure to file a motion challenging jurisdiction by May 27, 2015, waived their personal-jurisdiction defense is a close call.  On the one hand, they complied with the Federal Rules of Civil Procedure by contesting personal jurisdiction in their answer,[34] defense counsel repeatedly indicated at the first discovery hearing that she did not want to waive any jurisdictional argument,[35] their jurisdictional argument is the bulk of their dismissal motion that was filed within the dispositive-motion deadline, and the magistrate judge did not state that failure to file a jurisdictional motion by the May deadline—as opposed to the dispositive-motion deadline—would constitute a waiver.  On the other hand, at the discovery hearing, defense counsel repeatedly represented to the court and the Morrises that she would promptly file a jurisdictional motion by the May deadline, yet failed to do so, and instead continued to participate in discovery, including by

---

[30] ECF No. 39, minutes at 1:36 p.m.

[31] *Id.* at 1:40 p.m.

[32] ECF No. 23.

[33] ECF Nos. 44, 45.

[34] ECF No. 16 at 10.

[35] ECF No. 39, minutes at 1:37 p.m.

filing oppositions to the Morrises' discovery motions[36] and attending a hearing on those motions.[37]

On these facts I find that Harley and Cambium did not waive the right to assert their personal-jurisdiction defense.  They have repeatedly asserted their jurisdictional objection by raising it in their answer, at the discovery hearing, in their responses to discovery,[38] and in the instant motion; and less than seven months passed between Harley and Cambium's initial assertion of the defense in their answer and filing the instant motion.  Though the magistrate judge invited Harley and Cambium to file a motion challenging jurisdiction before the dispositive-motion deadline and before discovery was due, he did not indicate that defendants' failure to do so would be deemed a waiver.  Additionally, the Morrises cannot claim that they reasonably believed that Harley and Cambium had waived the defense and would defend the case on the merits, when Harley and Cambium again raised their jurisdictional objection in their responses to the Morrises' discovery motions.  Accordingly, I find that Harley and Cambium did not consent to jurisdiction, so I consider their jurisdictional argument on its merits.

**B.     Personal jurisdiction**

The due-process clause of the Fourteenth Amendment limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[39]  As the Supreme Court explained in the pathmaking *International Shoe* opinion, "[a]lthough a non-resident's physical presence within the territorial jurisdiction of the court is not required" for the exercise of personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[40]  "[T]he defendant's

---

[36] ECF Nos. 33, 34, 35.

[37] ECF No. 39 (minutes).

[38] *See e.g.*, ECF No. 34 (response to motion to compel) (stating that defendants "maintain their objection to personal jurisdiction over them in this Court and provid[e] this opposition solely to be in compliance with the Court's rules, without prejudice to Defendants' jurisdictional objection").

[39] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[40] *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

1   conduct and connection with the forum State [must be enough] that he should reasonably anticipate

2   being haled into court there."[41]

3          "A court may assert general jurisdiction over foreign (sister-state or foreign-country)

4   corporations to hear any and all claims against them when their affiliations with the forum state are

5   so continuous and systematic" that they are "essentially at home" there.[42]  Specific (or case-linked)

6   jurisdiction, on the other hand, depends on an "activity or an occurrence that takes place in [or is

7   purposely directed at] the forum State and is therefore subject to the State's regulation."[43]  "In

8   contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues

9   deriving from, or connected with, the very controversy that establishes jurisdiction."[44]  When a

10  defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie

11  showing that the court has jurisdiction over the defendant.[45]

12
13          **1.      *This court lacks specific jurisdiction over Harley and Cambium because the
                 Morrises' claims do not arise out of any activity in or directed at Nevada.***

14          The only contact that Harley allegedly directed at Nevada is his promotional booth at a two-

15  day convention in Las Vegas in May 2013, where he advertised the Cambium development and the

16  lease addendum was signed.  The Morrises argue that these sales and marketing efforts in Las Vegas

17  "should be deemed sufficient contacts by themselves to support specific jurisdiction."[46]

18          "When a court is exercising specific jurisdiction over a defendant . . . , the fair warning that

19  due process requires arises not at the time of the suit, but when the events that gave rise to the suit

20
21  _____

22  [41] *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

23  [42] *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and
24  quotations omitted).

25  [43] *Id.*

26  [44] *Id.* (internal citations and quotations omitted).

27  [45] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

28  [46] ECF No. 48 at 11.

1    occurred."[47]  Harley's 2013 trip to Las Vegas cannot give rise to specific jurisdiction for this lawsuit

2    because the Morrises' claims challenge the validity of the underlying lease agreement that was

3    executed nine months earlier, when all parties were present in the Dominican Republic.  Because the

4    facts giving rise to the Morrises' claims arose *before* the 2013 promotion in Las Vegas, the 2013

5    promotion cannot be considered a minimum contact for purposes of establishing specific

6    jurisdiction.[48]

7
8
         **2.    *Harley and Cambium's limited contacts with Nevada are insufficient to subject them to general jurisdiction here.***

9         The Morrises have also failed to make a prima facie showing that Harley and Cambium are

10    subject to general jurisdiction in Nevada.  Harley is a citizen of England, and Cambium is

11    incorporated in the Dominican Republic.  The Morrises do not allege that Harley or Cambium have

12    physical facilities, agents, registrations to do business, or property in Nevada.  On these facts, I

13    cannot conclude that Harley and Cambium's affiliations with Nevada are so continuous and

14    systematic that they are "essentially at home" here.  To conclude otherwise would subject Harley and

15    Cambium to suit in Nevada for any claim that any leaseholder or other individual may have against

16    them, and Harley and Cambium's limited contacts with Nevada do not justify that result.

17    **C.    Personal jurisdiction under the federal long-arm statute**

18         Nor have the Morrises made a prima facie showing of personal jurisdiction under the federal

19    long-arm statute.  Rule 4(k)(2) of the Federal Rules of Civil Procedure provides another basis for

20    district courts to exercise jurisdiction over foreign defendants in limited circumstances.  To establish

21    jurisdiction under Rule 4(k)(2), a plaintiff must prove that (1) the claim arises under federal law, (2)

22    the defendants are not subject to the personal jurisdiction of any state court of general jurisdiction,

23    and (3) that the federal court's exercise of personal jurisdiction comports with due process.[49]  The

24    due-process analysis under Rule 4(k)(2) is identical to the traditional personal-jurisdiction analysis

25    _____

26    [47] *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

27    [48] *See Goodyear Dunlop Tires Oper.*, 564 U.S. at 919.

28    [49] *Id.* at 159.

except that, rather than considering contacts between the defendant and the forum state, courts consider contacts with the United States as a whole.[50]  The first factor is satisfied for the Morrises' Interstate Land Sales Act claim, and the second factor is also satisfied because Harley and Cambium have not identified a state court in which the suit could proceed.[51]  I thus consider whether the exercise of personal jurisdiction would comport with due process.

### 1. This court lacks specific jurisdiction over Harley and Cambium even under the federal long-arm statute.

To establish specific jurisdiction under the federal long-arm statute, the Morrises' federal-law claim must arise out of Harley's contacts with the United States.[52]  I conclude that it does not for the same temporal reasons that the Morrises' claims do not arise out of Harley's minimum contacts with Nevada.

Besides allegations that Harley misrepresented the Cambium subdivision before the lease agreement, the complaint—and the Morrises' opposition—is silent about the details leading up to the 2012 lease agreement.  Virtually all of the Morrises' exhibits and arguments (except for Harley's apparently unrelated 2010 promotional trip to Texas) relate to Harley's post-lease-agreement marketing activities in the United States beginning in 2013.  Harley's post-lease-agreement conduct cannot establish specific jurisdiction because the Morrises' federal claim stems from the 2012 lease agreement (and misrepresentations made before it was signed) and thus does not arise out of Harley's minimum contacts with the United States.  An exercise of jurisdiction under the federal long-arm statute would not comport with due process.

---

[50] *Id.*

[51] *Holland America Line Inc. v. Wartsila N. America, Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (stating that the second factor is met if the defendant does not identify another state court in which the suit could proceed).

[52] *Pebble Beach Co.*, 453 F.3d at 1159.

1

2

### 2. This court also lacks general jurisdiction over Harley and Cambium under the federal long-arm statue.

3   The Morrises do not allege that Harley or Cambium have any physical facilities, agents,

4   registrations to do business, or property in the United States.  The Morrises have produced evidence

5   that Harley advertised the Cambium subdivision in print publications distributed internationally,

6   including in the United States, attended at least four promotional conventions in the United States,

7   signed the lease addendum in Nevada, and received money from a Chase Bank account.[53]  But these

8   limited contacts with the United States are insufficient to invoke nationwide general jurisdiction over

9   Harley and Cambium.  Rule 4k(2) applies only in rare situations, and has been approved to confer

10  jurisdiction only when defendants have extensive contacts to the United States.[54]  Additionally, the

11  United States Supreme Court recently emphasized that the relevant personal-jurisdiction inquiry is

12  whether a corporation's affiliations—not business activities—with the forum are so continuous and

13  systematic that the corporation is essentially at home there.[55]  At most, the Morrises have shown that

14  Henry and Cambium conducted some business activities in the United States, and that is not enough.

15  Because the Morrises have had the benefit of full discovery and are still unable to establish

16  jurisdiction, I grant Harley and Cambium's motions to dismiss,[56] and I deny as moot plaintiffs'

17  motion for partial summary judgment.[57]

18

19

20  [53] ECF No. 48 at 15.

21  [54] In 2007, the Ninth Circuit remarked that none of its cases thus far had countenanced jurisdiction under the rule.  *Holland Am. Line v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).  The

22  *Holland* court explained that the circuits that had concluded Rule 4(k)(2) conferred jurisdiction did so in cases where the defendants had extensive contacts with the country.  *See id.* (citing *Mwani v.*

23  *Bin Laden*, 417 F.3d 1, 13 (D.C. Cir. 2005) (defendants engaged in numerous conspiracies to bomb U.S. landmarks), and *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004)

24  (defendant directly insured hundreds of claims in the U.S.)).

25  [55] *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014).

26

27  [56] ECF Nos. 44, 45.  Because I dismiss based on lack of personal jurisdiction, I decline to reach defendants' argument that the Morrises' claims are barred by the arbitration clause.

28  [57] ECF No. 53.

1

2
**D.      The Morrises' claims against defendants Lopez Gomez and Henry de La Cruz are dismissed under FRCP 4(m).**

3
         In April of 2015, the Morrises moved for entry of default against defendants Lopez Gomez

4
and Henry de La Cruz, who have never appeared in this case.[58]  I denied the Morrises' motion

5
because the Morrises failed to demonstrate that proper international service had been effectuated on

6
these defendants.[59]

7
         On June 16, 2015, the Clerk of Court filed a notice of intent to dismiss all claims against

8
Lopez Gomez and Henry de La Cruz under Federal Rule of Civil Procedure 4(m) and directed the

9
Morrises to file proof of proper service on these defendants by July 15, 2015.[60]  This deadline has

10
long since passed, and the Morrises have not filed proof of proper service or requested an extension

11
to do so.  I therefore dismiss all claims against Lopez Gomez and Henry de La Cruz under FRCP

12
4(m) without prejudice.

13
                                            **Conclusion**

14
         Accordingly, IT IS HEREBY ORDERED ADJUDGED AND DECREED that **defendants**

15
**Cambium, E.I.R.L. and Francois Robert Harley's motions to dismiss [ECF Nos. 44, 45] are**

16
**GRANTED; the claims against them are dismissed for lack of personal jurisdiction.**

17
         IT IS FURTHER ORDERED that **plaintiffs' motion for partial summary judgment [ECF**

18
**No. 43] is DENIED as moot.**

19
         IT IS FURTHER ORDERED that **all claims against defendants Alberto Lopez Gomez**

20
**and John Henry de La Cruz are dismissed without prejudice under FRCP 4(m).**

21
         The Clerk of Court is instructed to CLOSE THIS CASE.

22
         Dated this 16th day of May, 2016.

23
                                     _____

24
                                     Jennifer A. Dorsey
                                     United States District Judge

25

26
[58] ECF No. 18.

27
[59] ECF No. 19 at 2.

28
[60] ECF No. 27 at 1.